**CHARLES A. JONES ESQ. {SBN 224915}**
**KELLY MCINERNEY ESQ. {SBN 200017}**
**JONES LAW FIRM**
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440
Facsimile: (775) 853-6445
caj@cjoneslawfirm.com
kelly@cjoneslawfirm.com

Attorneys for Plaintiff, MICHAEL C. RIGHETTI,
individually and on behalf of other members similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIGHETTI, on behalf of himself and all similarly situated persons, <br><br> Plaintiff, <br><br> vs. <br><br> REVEN MEDIA, LLC. <br><br> Defendant. | Case No.: <br><br> <u>CLASS ACTION</u> <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227** <br><br> **VIOLATION OF CALIFORNIA PENAL CODE § 630, ET. SEQ.** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

1

Plaintiff, MICHAEL C. RIGHETTI, ("Plaintiff") brings this action on behalf of himself and the alleged class of persons similarly situated against Defendant REVEN MEDIA, LLC ("Defendant" or "Reven"), for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and for violations of California Penal Code § 630, et. seq.

## PRELIMINARY STATEMENT

1.      In a recent effort to promote the sale of solar power solutions to homeowners, a company named Complete Solar Solution, headquartered in California, partnered with Reven and together engaged in a form of marketing campaign whereby Reven initiated or caused to be initiated unauthorized "robocalls" to cellular and landline telephone numbers throughout California and the greater United States.

2.      Plaintiff, MICHAEL C. RIGHETTI ("PLAINTIFF") brings this class action complaint against Defendant Reven to halt Defendant's practice of making unsolicited "robocalls" to cellular and landline telephone numbers throughout California and the greater United States. For his class action complaint, Plaintiff, alleges as follows upon personal information as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by himself and his attorneys.

## NATURE OF THE ACTION

3.      This suit asserts allegations that Defendant violated the Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*) ("TCPA") with its marketing and advertising campaigns by initiating, or causing the initiation of, telephone calls to residential and cellular telephone lines using an artificial or prerecorded voice to deliver a message. By effectuating this telephonic spam, Defendants have caused consumers actual harm, not only because the consumers were subjected to a violation of their right to privacy, but also because of the annoyance and aggravation that necessarily

**CLASS ACTION COMPLAINT**

1    accompanies unsolicited telemarketing phone calls, especially the type of the "robocall"

2    nature. Moreover, with respect to telephone calls placed to cellular devices, subscribers

3    to cellular services must actually pay their cell phone providers for receipt of such calls

4    or have their planned allotment of cell phone minutes debited by such calls. Most

5    importantly, the "robocalls" are being made in violation of the TCPA – a federal statute

6    specifically prohibiting the type of conduct alleged herein.

7        4.    The suit further asserts that, without any notification, or obtaining consent

8    and permission to do so, Reven used its technology to engage in a practice of

9    monitoring and recording telephone conversations, including calls to and from cellular

10   telephones, without the consent of Plaintiff and similarly situated class members in

11   California in violation of *California Penal Code* § 630 et. seq.

12       5.    To explain, the "robocalls" described herein were initiated or caused to be

13   initiated by Reven when it partnered with various entities (the number of which is

14   currently unknown) seeking to increase revenue through marketing and advertising

15   campaigns, and in furtherance of such efforts, initiated thousands of prerecorded phone

16   calls using an artificial or prerecorded voice to cellular telephone lines and to residential

17   telephone lines without the express consent of the party called. The particular call that

18   spawned this Complaint was initiated or caused to be initiated by Reven on behalf of

19   Complete Solar Solution, a company providing solar power solutions to homeowners.

20       6.    Defendant initiated thousands of such telephone calls to cellular phone

21   numbers and residential phone numbers using an artificial or prerecorded voice to

22   deliver a message without the prior express consent of the called party.  The initiation

23   of such prerecorded phone calls to cellular telephone lines or residential telephone lines

24   without the recipients' consent violates 47 U.S.C. § 227.

25       7.    This suit is brought against Reven on behalf of 1) all individuals in the

26   United States and its territories who received telephone calls to their residential

27   telephone line using an artificial or prerecorded voice to deliver a message without the

28

prior express consent of the individual, and 2) all individuals in the United States who received calls to their cellular phones which were placed by an automatic telephone dialing system or contained an artificial or prerecorded voice, which were initiated or caused to be initiated by Reven within the past four years. Plaintiff will seek to leave to amend this Complaint to add additional defendants after conducting discovery to determine on whose behalf Reven initiated or caused to be initiated these "robocalls."

8.     Plaintiff, on behalf of himself and a class of similarly situated persons in the United States, as more specifically defined herein, brings this suit under the TCPA and the California Penal Code on behalf of the subclass, for injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

9.     This Honorable Court has sole and exclusive jurisdiction over this action under the TCPA. The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3).

## DESCRIPTION OF THE PARTIES

10.     Michael C. Righetti is an individual domiciled and residing in the City of San Francisco, State of California. He received a prerecorded phone message call originating from telephone number (925) 420-1428 on his residential telephone on Monday evening, November 4, 2013 while he was in the middle of dinner.

11.     Reven is based in California. Its website indicates that its headquarters are located at 8001 Irvine Center Dr. 4th Floor, Irvine, CA 92618; however, the address registered with the Secretary of the State of California is 30488 Rancho Viejo Rd. #130, San Juan Capistrano, CA 92675.   Reven transacts business throughout the United States.    Reven's website indicates that it is a "direct-response marketing firm specializing in custom advertising campaign management and delivery through

**CLASS ACTION COMPLAINT**

1  television, radio, outdoor media, web, Internet, & telecommunication. Reven Media is
2  currently aligned with top powerhouse partners in the media arena. We are a nationally
3  recognized advertising & marketing firm and have recently expanded our efforts
4  globally."

**FACTUAL ALLEGATIONS**

**General Overview of the TCPA**

7      12.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47
8  U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints
9  regarding certain telemarketing practices.

10     13.    The TCPA regulates, among other things, the use of automated telephone
11  equipment, also known as "autodialers" or "robocalls."  Specifically, the plain language
12  of sections 227(b)(1)(A)(iii) and (b)(1)(B) prohibits the use of autodialers to make any
13  call to a wireless or residential phone number in the absence of an emergency or the
14  prior express consent of the called party.

15     14.    According to findings by the Federal Communication Commission
16  ("FCC"), the agency Congress vested with authority to issue regulations implementing
17  the TCPA, such calls are prohibited because, as Congress found, automated or
18  prerecorded telephone calls are a greater nuisance and invasion of privacy than live
19  solicitation calls, and such calls can be costly and inconvenient. The FCC also
20  recognized that wireless customers are charged for incoming calls whether they pay in
21  advance or after the minutes are used.

22     15.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory
23  Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express
24  consent within the meaning of the statute.

**Placing and Receipt of the Calls**

26     16.    At all relevant times Plaintiff, an individual residing in the State of
27  California, was a "person" as defined by 47 U.S.C. § 153(32).

28

5

**CLASS ACTION COMPLAINT**

17.     Although Plaintiff did not provide his cellular phone number to Defendant at any time or in any way, Defendant initiated a telephone call to Plaintiff's cellular telephone line using an artificial or prerecorded voice to deliver a message. The telephone call received by Plaintiff consisted of a prerecorded phone message using an artificial voice to advertise solar powered energy solutions for homeowners.

18.     Specifically, Defendants initiated a telephone call to Plaintiff's cellular phone.  The phone number (925) 420-1428 from "East Bay San Francisco" displayed on Plaintiff's cell phone. When Plaintiff answered the call, an artificial or prerecorded voice began delivering a message about an opportunity to lower Plaintiff's electric bill by switching to solar power.  The prerecorded message instructed Plaintiff to "push 1" to be transferred to a customer service agent.  Plaintiff pushed "1" and was transferred to a male customer service agent.   During the conversation the call disconnected. Frustrated about having received such a call and curious to learn more about who the call was from and how the callers obtained Plaintiff's number, Plaintiff re-dialed the telephone number and a woman answered.   During the call, she asked Plaintiff numerous questions about his residence, electricity bill, whether he filed federal tax returns, and other private information.  At no time did the agent explain that the call was being recorded before asking these private questions.  At the conclusion of the call, Plaintiff asked if the call was being recorded and the agent confirmed that all of their calls are recorded and/or monitored for quality assurance.

19.     Plaintiff is informed and believes and thereon alleges that all telephone contact by Defendants to Plaintiff on his telephone occurred via an "automatic telephone dialing system," or using a system that had the capacity to make automated calls, as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

20.     The telephone calls placed by Defendant to residential telephone lines via the automatic telephone dialing system and/or using a system that had the capacity to

make automated calls, used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(B).

21.    The telephone number that Defendants used to contact Plaintiff, using an artificial or prerecorded voice to deliver a message regarding solar power solutions was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22.    The telephone calls complained of herein constituted calls neither for emergency purposes nor exempted by rule or order by the Commission as defined by 47 U.S.C. § 227(b)(1)(B).

23.    Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's cellular telephone line utilizing an "artificial or prerecorded voice" to deliver a message  within the meaning of 47 U.S.C. § 227(b)(1)(B).

24.    Defendant did not make telephone calls to residential phones "for emergency purposes" utilizing an "artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(B).

25.    Plaintiff is informed and believes and based thereon alleges that substantially similar telephone calls using an artificial or prerecorded voice to deliver a message were initiated by Defendant to other individuals residential and cellular telephone lines, and were similarly initiated on repeated occasions to other residential and cellular telephone numbers belonging to the other members of the class. None of those residential and/or cellular telephone subscribers gave Defendant their prior express consent to receive the calls and the calls were not made for emergency purposes.

26.    Plaintiff is informed and believes and based thereon alleges that Defendant initiated thousands of telephone calls using an artificial prerecorded voice to deliver a message  to the residential telephone lines subscribed to by the class members over the past four years in violation of the TCPA.

**CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b) on behalf of himself and all individuals in the United States and its territories who received telephone calls containing an artificial or prerecorded voice on their residential telephone lines or cellular telephones.  Specifically, the Class is defined as follows:

> All individuals in the United States and its territories who received telephone calls to their residential telephone lines using an artificial or prerecorded voice to deliver a message without the prior express consent of the individual or individuals who received calls to their cellular telephones which contained an artificial or prerecorded voice, which were initiated or caused to be initiated by Reven within the past four years.

Additionally, Plaintiff brings this action on behalf of himself and the following subclass:

> All persons in California, who within one year from the filing of the original complaint to the present, received one or more telephone calls initiated by Defendant or individuals who placed one or more telephone calls from a phone to Defendant and spoke with a representative of Defendant, where the call was recorded and no advance notice was provided that the call was being recorded or monitored.

28.    The Class consists of thousands of individuals who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective class and identities of the individual members thereof are ascertainable through Defendants' records, or the records of its representatives, including but not limited to the telephone message or transmission logs.

29.    The claims of Plaintiff are typical of the claims of the respective class members. The claims of the Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the respective class members.

30.     The respective classes have a well-defined community of interest. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

31.     There are many questions of law and fact common to the claims of Plaintiff and the respective class members, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(2).

32.     Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

(a)   Whether Defendant's conduct violates 47 U.S.C. § 227(b)(1)(B);

(b)   Whether Defendant's phone calls were made for an emergency purpose;

(c)   Whether Defendant obtained the phone call recipients' prior express consent;

(d)   Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

(e)   Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct; and

(f)   Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

33.     Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

34.     Plaintiff will fairly and adequately represent and protect the interests of the respective class members. Plaintiff has retained counsel with substantial experience in

prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

35.     This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

**COUNT ONE**
**LIABILITY PURSUANT TO THE TCPA**

36.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 36, inclusive, as though fully set forth herein.

37.     Defendant initiated, or caused to be initiated, telephone calls using an artificial or prerecorded voice to deliver a message to Plaintiff and the Class Members' telephone lines in violation of 47 U.S.C. § 227 *et seq.*

38.     These calls were made *en masse*, and in the event the call was made to a residential telephone line, without the prior express consent of the other members of the Class.  None of the calls were made for emergency purposes.

39.     Thus, Defendant violated 47 U.S.C. § 227(b)(1)(B), which makes it unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes ...."

40.     Thus, Defendant also violated 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any cellular telephone service."

**CLASS ACTION COMPLAINT**

41.     Moreover, Plaintiff is informed and believes and based thereon alleges that Defendants failed to satisfy the requirements set forth by 47 C.F.R. §64.1200 (d), which is a separate and independent violation under the Act. That regulation provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Person or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The

**CLASS ACTION COMPLAINT**

1 telephone number provided may not be a 900 number or any other number for which

2 charges exceed local or long distance transmission charges.

3 (5) Affiliated persons or entities. In the absence of a specific request by the

4 subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the

5 particular business entity making the call (or on whose behalf a call is made), and will

6 not apply to affiliated entities unless the consumer reasonably would expect them to be

7 included given the identification of the caller and the product being advertised.

8 (6) Maintenance of do-not-call lists. A person or entity making calls for

9 telemarketing purposes must maintain a record of a consumer's request not to receive

10 further telemarketing calls. A do-not-call request must be honored for 5 years from the

11 time the request is made.

12 42. 47 C.F.R. §64.1200 (e) provides that §64.1200 (d) is "applicable to any

13 person or entity making telephone solicitations or telemarketing calls to wireless

14 telephone numbers to the extent described in the Commission's Report and Order, CG

15 Docket No. 02-278 FCC 03-153, 'Rules and regulations Implementing the Telephone

16 Consumer Protection Act of 1991."

17 43. Defendant violated § 64.1200(d) and (e) by initiating calls for telemarketing

18 purposes to residential and cellular telephone subscribers, such as Plaintiff and the

19 Class, without instituting procedures that comply with the regulatory minimum

20 standards for maintaining a list of persons who request not to receive telemarketing

21 calls or texts from them, and in particular by (1) failing to have a written policy for

22 maintaining a do-not-call list; (2) failing to inform and train telemarketing personnel in

23 the existence and use of the do-not-call list; (3) failing to record do-not-call list at the

24 time the request is made; (4) failing to honor called parties' do-not-call requests within

25 a reasonable time from the date such request is made and no later than thirty days from

26 the date such request; and/or (5) failing to provide called parties with the name of the

27 individual caller, the name of the person or entity on whose behalf the call is being

28

**CLASS ACTION COMPLAINT**

made, and a working telephone number or address at which the person or entity may be contacted.

## COUNT TWO
## LIABILITY UNDER THE CIPA
### [Plaintiff and Subclass A Only]

44.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 44, inclusive, as though fully set forth herein.

45.    Plaintiff, while in California, received a telephone call from Defendant on his cellular phone.  Plaintiff was not informed by Defendant or by anyone in advance, that the call was being recorded and/or monitored nor did Plaintiff give his consent for the telephone call to be monitored and/or recorded. Defendant's conduct alleged herein violates Penal Code Section 630 et seq, and specifically sections 632.7.

46.    Plaintiff is informed and believes and based thereon alleges that Defendant monitored and recorded telephone calls as described in detail above and in violation of Cal. Penal Code Sections 632 and 632.7.  Further, Plaintiff is informed and believes and based thereon alleges that Defendant maintained and utilized devices to overhear, record, monitor and/or eavesdrop cellphone telephone conversations in California without their consent, thereby violating these provisions.

47.    Plaintiff is a member of a class whose telephone conversations with Defendants and its employees and agents were, without knowledge or consent of the Plaintiff and class members, monitored, recorded and/or eavesdropped on by Defendant.

48.    At no time did Plaintiff or any members of the subclass consent to the monitoring, recording, eavesdropping and/or dissemination alleged to have occurred by this Complaint.  Defendant's conduct alleged herein violates Penal Code Section 630 et seq. and 632.7.

## DAMAGES UNDER THE TCPA

49.     Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover either actual damages, or $500 in statutory damages for each such violation, whichever is greater.

50.     Accordingly, as a proximate result of the Defendant's conduct, Plaintiff and the Class seek statutory damages as provided by law.

51.     Plaintiff and the alleged Class are also entitled to recover statutory damages, separate and apart from the statutory damages recoverable for the placing of the phone cals, based on Defendant's failure to implement procedures as outlined by 47 C.F.R. § 64.1200(d) and (e).

52.     In addition, if the court finds that the Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3).

## TCPA INJUNCTIVE RELIEF

53.     Additionally, Plaintiff and the Class is entitled to request that Defendant be enjoined from initiating  any more calls to residential telephone lines using an artificial or prerecorded voice to deliver a message  pursuant to 47 U.S.C. § 227(b)(3)(A).

## CIPA REMEDIES

54.     Based on the foregoing, Plaintiff and the Subclass members are entitled to their statutory remedies and damages including but not limited to those set forth in *California Penal Code* § 632 et. seq., and injunctive relief pursuant to *California Penal Code* § 637.2(b).

## DEMAND FOR PRESERVATION

55.     Plaintiff specifically demands that Defendant and its agents, employees and affiliates, retain and preserve all records relating to the allegations in this Complaint.

Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1) Scripts of the prerecorded messages sent over the past four (4) years, with corresponding dates when those messages were sent;

(2) Lists of all phone numbers to which prerecorded phone message advertisements were sent within the last four years;

(3) List of all persons or phone numbers who requested to opt-out of receiving prerecorded phone messages over the past four years;

(4) Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to Defendant by any company or person Defendant retained to transmit prerecorded phone messages on Defendant's behalf;

(5) Any proof Defendant contends shows that Defendant obtained the prior express consent of any recipient of Defendant's prerecorded phone messages;

(6) Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of prerecorded phone messages placed by Defendant or on Defendant's behalf within the last four years;

(7) Copies of any and all policies or procedures implemented by Defendant with regard to the placement of prerecorded phone messages, as well as marketing activities and restrictions;

(8) Documents related to Defendants cost for transmitting the prerecorded phone messages sent by Defendant or on Defendant's behalf within the last four years; and

(9) Demand is made on Defendants to notify any third parties, customers, or vendors of this preservation demand and request preservation of any information requested through this demand.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against the Defendants, as follows:

(1) An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the Plaintiff and his counsel to represent the class;

(2) For statutory damages as provided for under 47 U.S.C. § 227(b)(3) plus up to treble that amount for Defendant's willful and knowing violations of the law;

(3) For an injunction restraining Defendant from placing any more prerecorded message phone calls;

(4) For pre-judgment interest from the date of filing this suit;

(5) For reasonable attorney's fees;

(6) For all costs of this proceeding; and

(7) For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

Dated:  November 11, 2013

RESPECTFULLY SUBMITTED,
**JONES LAW FIRM**

_____**/s/ Charles A. Jones**
Charles  A.  Jones,  Esq.  Attorneys  for
Plaintiff and all others similarly situated

**CLASS ACTION COMPLAINT**